Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| RODRICK YBANEZ, an individual, | Case No.: '17CV0679 JM   BLM |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| DEVILLE ASSET MANAGEMENT, LTD; and DOES 1 through 10 inclusive, | |
| Defendants. | |

## I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA"), California Rosenthal Act, Civil Code §1788 *et seq.* ("Rosenthal Act"), both of which prohibit unlawful debt collection; and for violation of the Fair Debt Buying Practices Act, Civil Code §1788.50 *et seq.* ("FDBPA") which regulates debt buying practices.

//
//

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff RODRICK YBANEZ ("Plaintiff") is a natural person residing in the State of California, County of Orange.

4. Defendant DEVILLE ASSET MANAGEMENT, LTD ("Defendant") at all times relevant was a company doing business of collecting debts from consumers throughout the state of California and operating from an address at PO Box 1987, Colleyville, TX 76034-1987.

5. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6) and by the Rosenthal Act, Civil Code 1788.2(c).

6. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

8. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

9. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

10. The purported debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, Civil Code §1788.2(f).

11. Defendant is a "debt buyer" as that term is defined in Civ. Code §1788.50(1).

## IV. FACTUAL ALLEGATIONS

12. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

13. On or about December 2, 2016 Borrowers First Credit Union sold an alleged debt of Plaintiff's to Defendant.

14. On or about January 19, 2017 Defendant sent its initial communication to Plaintiff.

15. The initial communication did not contain the required notice of Civ. Code §1788.50(d)(1).

16. The initial communication did not contain the required notice of Civ. Code §1812.700.

17. On or about January 16, 2017 Defendant called Plaintiff and left a voicemail.

18. In the voicemail message Defendant not state it was a debt collector or attempting to collect a debt.

19. In the message Defendant gave the false impression it had filed a lawsuit against Plaintiff.

20. Defendant stated a case had been filed and referenced a complaint number.

21. At the time of the message no case had been filed and no number had been

assigned to any complaint.

22. Defendant's actions caused Plaintiff emotional distress.

## V.  FIRST CLAIM FOR RELIEF
### (As against Defendants for Violation of the FDCPA)

23. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

24. Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

    (a) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

    (b) The Defendants violated 15 U.S.C. § 1692e(2)(A) by giving the false impression of the character, amount or legal status of the alleged debt;

    (c) The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

    (d) The Defendants violated 15 U.S.C. § 1692e(11) by failing to indicate that all communications were from a debt collector;

    (e) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt; and

    (f) The Defendants violated 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law.

23. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

//

//

## VI.  SECOND CLAIM FOR RELIEF

(**Against all Defendants for Violation of the Rosenthal Act**)

24. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

25. Defendants violated the Rosenthal Act, by including but not limited to, the following:

    (a) The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above; and

    (b) The Defendants violated California Civil Code §1812.700 by failing to include the notice required by this section.

26. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

27. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

28. Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

## VI.  THIRD CLAIM FOR RELIEF

(**Against all Defendants for Violation of the FDBPA**)

29. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

30. Defendant did not provide the required information of Civ. Code §1788.50(d)(1) in its first written communication to Plaintiff.

31. As a result of Defendant's violation Plaintiff is entitled to actual damages pursuant to Civ. Code §1788.62(a)(1).

32. As a result of Defendant's violation Plaintiff is entitled to statutory damages pursuant to Civ. Code §1788.62(a)(2).

33. As a result of Defendant's violation Plaintiff is entitled to reasonable attorney's

fees and costs pursuant to Civ. Code §1788.62(c)(1)-(2).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against all Defendants for the following:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §§1788.30(b) and 1788.62(a)(2);

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §§1788.30(c) and 1788.62(c)(1)-(2).

(d) Punitive damages; and

(e) For such other and further relief as the Court may deem just and proper.

Date: April 4, 2017        \_\_\_\_\_s/ Jeremy S. Golden_____
                                        Jeremy S. Golden
                                        Attorney for Plaintiff

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date: April 4, 2017        \_\_\_\_\_s/ Jeremy S. Golden_____
                                        Jeremy S. Golden
                                        Attorney for Plaintiff